### A. L. WEISS V. THE STATE.

No. 17881. Delivered February 5, 1936.
Rehearing Denied April 15, 1936.

The opinion states the case.

*E. A. Martin* and *Thos. J. Pitts,* both of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for false swearing; punishment, two years in the penitentiary.

Appellant made and swore to an affidavit in which he stated, upon oath, that he owned certain quantities of oil in barrels in Rusk and Gregg Counties, Texas, which affidavit is copied in the indictment, upon which no attack is made. We do not set out the facts since no motion for new trial was made, and no complaint appears of any insufficience in testimony.

Appellant has five bills of exception, but does not favor us with a brief. Bill No. 1 was taken to the court's refusal of an instructed verdict sought because of the claim that the indictment charged false swearing but the proof showed perjury. In the absence of a brief we have no means of knowing upon what theory appellant bases this contention. We observe nothing in the record showing that the affidavit made by appellant was made under circumstances in which the oath or affirmation was required by law, or was necessary for the prosecution of a private right, or for the ends of public justice, as must appear true in perjury cases under Art. 302, P. C. The best we can get out of this record is that this affidavit was made in an effort to comply with some rule of the Railroad Commission of Texas.

The fact that copies of these affidavits alleged to have been falsely made by appellant, were afterwards used in some judicial proceeding such as an effort to obtain an injunction, standing alone would not affect the fact that the making of same was false swearing and not perjury,—and an admission of the fact that said affidavits were so used would not establish a variance between the allegation and the proof. This complaint appears in bill of exceptions No. 2.

Bill No. 3 sets up no facts from which we might know whether the complaint therein set forth was correct. The indictment was not subject to appellant's motion to quash, and bill of exceptions No. 4, complaining of the overruling of appellant's motion to that effect, shows no error.

Appellant's last bill of exceptions complains of the admission of testimony which is so loosely set out and referred to in the bill as that we are not able to pass on same or to understand just what the complaint is.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists in his motion for rehearing that the trial court committed error in refusing to instruct a verdict of acquittal, it being claimed that if the State had shown appellant to be guilty of any offense it was "perjury" and not "false swearing" which was charged in the indictment.

It was charged in the indictment that appellant on the 19th day of January, 1935, made an affidavit before a notary public in Gregg County, Texas, stating in substance that appellant then owned and did so own prior to December 10th, 1934, two hundred two thousand, five hundred (202,500) barrels of by-products of crude petroleum known as "residium," stored and located in certain tanks at specified places in Gregg and Rusk Counties, Texas; the quantities in particular tanks and location thereof being specified in said affidavit. It was stated in the affidavit that appellant desired "a tender authorizing the shipment of" the described property. The indictment then traversed the truth of the statements contained in the affidavit, denying that appellant owned the oil described, or that he had owned it prior to December 10, 1934, and alleged that the "affidavit was not required by law and was not made in the course of a judicial proceeding."

The Railroad Commission of Texas on December 5, 1934, promulgated a rule which became effective on December 10th, 1934, requiring any party who desired a permit to ship oil or by-products thereof such as described in the indictment to file with the Commission an application in writing for such permit, supported by affidavit on forms furnished or prescribed by said Commission, which made it necessary to show that the products to ship which permit was sought belonged to the seeker of the permit, and had been so owned by him prior to December 10, 1934.

On the 21st day of January, 1935, appellant made application to the Railroad Commission requesting permit to ship 245,000 barrels of "residium," stating in the application that the product was in tanks at "Notarized Affidavit and detailed description attached." To said application the affidavit set out in the indictment was attached. From the record it appears that the permit or tender was granted, but was canceled on February 11, 1935. The reason for the cancellation presumably was because the agents of the Railroad Commission were unable to locate the products as described in the affidavit.

As bearing upon, and practically refuting appellant's contention that the alleged affidavit was made in the course of a judicial proceeding, and hence that appellant, if guilty of any offense, was guilty of perjury (Art. 302, P. C., 1935), we refer to the testimony of one of appellant's own witnesses, Mr. Eagle, who gave the following evidence.

"He (appellant) told me, and he swore to the fact before a notary public in my presence, that he did own the oil and owned it before December 10th, 1934. * * * One unit of affidavits and contracts after they were signed and sworn to by the defendant were mailed by me to Mr. Looney at Austin, and as I remember it, the other unit, that is, those two affidavits there, together with the application for tender to the Railroad Commission were filed with the Railroad Commission. * * * The purpose of them (the affidavits) at the time they were made was to support that yellow sheet which was filed with the Railroad Commission in Kilgore, Gregg County, Texas."

As stated in our original opinion, the fact that duplicates of the affidavits in question may have been subsequently used in a judicial proceeding in Travis County, the purpose of which was to restrain the Railroad Commission from interfering with the movement of the supposed oil to which they related, would in no way prevent appellant's conviction for "false swearing." It is evident from the record that the primary purpose of the affidavit was to comply with a rule of the Railroad Commission and secure from it a permit for the shipment of the supposed oil. If the permit or tender had been issued, or, if issued, had not been canceled, no necessity would have arisen for the court proceedings attempting to restrain the Railroad Commission from interfering with the shipment of the supposed oil.

What has been said results in the conclusion, we think, that the trial court was not in error in refusing to instruct a peremptory verdict of acquittal of appellant on the charge of false swearing; neither do we think the court erred in refusing to strike from this record the affidavits in question because the State admitted that duplicates of the affidavits had been used in a judicial proceeding in Travis County.

A further review of the record has confirmed our view that proper disposition of the case has been reached. The motion for rehearing is, therefore, overruled.

*Overruled.*